STATE of Minnesota, Respondent,

v.

Jeff Allan STEPHENSON, Appellant.

No. C0-83-1146.

Supreme Court of Minnesota.

Feb. 8, 1985.

C. Paul Jones, Public Defender, Ann Remington, Asst. Public Defender, Minneapolis, for appellant.

Hubert H. Humphrey, Atty. Gen., St. Paul, Robert M.A. Johnson, Anoka County Atty., Anoka, for respondent.

## OPINION

YETKA, Justice.

Defendant was found guilty by a district court jury of two counts of making a terroristic threat, Minn.Stat. § 609.713, subd. 1 (1984).[1] The trial court sentenced defendant to concurrent prison terms of 1 year and 1 day and 15 months, but stayed execution of the sentences and placed him on probation. On appeal from judgment of conviction, defendant seeks (1) an outright reversal of his convictions on the ground that the evidence was insufficient to establish that his communications had a reasonable tendency to create apprehension that he would commit any crime of violence or (2) a new trial because the trial court prejudicially erred in admitting evidence indicating that defendant had a criminal record and had served time in prison. We affirm.

■ 1. The state's evidence established that defendant, angry over being dismissed from a training program at an area vocational-technical school, expressly threatened to kill an assistant director of the school and implicitly threatened to kidnap or cause other harm to the program chairperson. Defendant's contention that the threats did not have a reasonable tendency to create apprehension that he would commit any crime of violence is without merit.

2. The trial court ruled that if defendant testified (he did not), he could not be impeached by a 1976 federal conviction that was later set aside pursuant to the provisions of the Federal Youth Corrections Act.[2] However, the trial court admitted evidence (a) that, in his express threat to the assistant director, defendant said that she could call the FBI if she wanted to check on his record and learn how dangerous he was and (b) that, on an earlier occasion, defendant had told her that he had been in prison in Iowa. Defendant contends that these two rulings were improper in view of the fact that his conviction had been set aside. We reject this contention.

Evidence may be inadmissible pursuant to Minn.R.Evid. 609, but admissible under another rule, e.g., R. 404(b). 3 D. Louisell & C. Mueller, Federal Evidence § 318 (1979).

The issue at trial was whether defendant made terroristic threats. Defendant's statement that the assistant director could call the FBI if she wanted to check on his record and learn how dangerous he was was part of his threat to kill her. It reinforced what she already had learned from defendant in an earlier conversation, that he had served time in prison in Iowa, and increased the probability that she would believe and be frightened by his threats to kill her.

■ The approach that the trial court must follow in such a situation is that of Minn.R.Evid. 403, that of balancing the probative value of the evidence and its poten-

1. The statute provides:
   Whoever threatens to commit any crime of violence with purpose to terrorize another or to cause evacuation of a building, place of assembly or facility of public transportation or otherwise to cause serious public inconvenience, or in a reckless disregard of the risk of causing such terror or inconvenience may be

sentenced to imprisonment for not more than 5 years.

2. We express no opinion on the correctness of this ruling. The issue is discussed at 3 D. Louisell & C. Mueller, Federal Evidence § 321 (1979), and 3 J. Weinstein & M. Berger, Weinstein's Evidence § 609[08] (1982).

tial for unfair prejudice.[3] In applying Rule 403 in this context, the trial court must bear in mind that the purpose of admitting the evidence is "to complete a picture, not to paint another, and to provide context and meaning to the central events in issue." 2 D. Louisell & C. Mueller, Federal Evidence § 140 at 124 (1978). In this case, the evidence was not admitted for the improper purpose of showing that defendant acted in conformity with his bad character; that is, it was not admitted to cause the jury to conclude that defendant was a bad person and to infer from that that he was guilty of the charged offenses. Rather, the evidence was admitted because it was important evidence bearing on the determination of whether defendant made terroristic threats. The trial court concluded that the probative value of the evidence outweighed the potential of the evidence for unfair prejudice. We hold that the trial court did not abuse its discretion in so concluding.

Affirmed.

**3.** Cases applying Rule 403 in related contexts include *State v. Fratzke,* 354 N.W.2d 402 (Minn. 1984) (relevant contemporaneous statement of defendant indicating involvement in prior crime and tending to show that the charged crime was intentional); *State v. Czech,* 343 N.W.2d 854 (Minn.1984) (relevant evidence of statement of defendant before a crime indicating involvement both in other crime and in charged crime); *State v. Morgan,* 310 Minn. 88, 246 N.W.2d 165 (1976), *cert. denied,* 430 U.S. 936, 97 S.Ct. 1564, 51 L.Ed.2d 782 (1977) (evidence that during course of subsequent kidnapping defendant confessed that he committed charged offense, murder); *State v. Hjerstrom,* 287 N.W.2d 625 (Minn.1979) (confession by defendant to police containing reference to crimes other than charged crime).