**STATE of Minnesota, Respondent,**

v.

**Angel B. GONZALES–GUERRERO, Appellant.**

**No. C3–83–1108.**

Supreme Court of Minnesota.

March 22, 1985.

C. Paul Jones, Public Defender, Mark F. Anderson, Asst. Public Defender, Minneapolis, for appellant.

Hubert H. Humphrey, III, Atty. Gen., St. Paul, Thomas L. Johnson, Henn. Co. Atty., Vernon E. Bergstrom, Asst. Co. Atty., Minneapolis, for respondent.

AMDAHL, Chief Justice.

Defendant was found guilty by a district court jury of a charge of criminal sexual conduct in the first degree, Minn.Stat. § 609.342(e)(i) (1984) (forced sexual penetration accompanied by infliction of personal injury). Defendant was sentenced by the trial court to an executed prison term of 43 months, which is the presumptive sentence for a severity level VIII offense by a person with a criminal history score of zero. On appeal from judgment of conviction, defendant seeks a new trial on the ground that the trial court erred in refusing defendant's request to excise part of an exculpatory statement defendant made to police during custodial interrogation. We affirm.

The victim met defendant in a bar and accompanied him to his apartment, where defendant sexually assaulted and otherwise physically abused her. At one point the victim, although naked, ran into the common hallway and tried to summon help. Defendant pursued her and dragged her back toward his apartment. Apparently believing that a neighbor who saw him do this would call the police, defendant gave the victim her clothes and let her go. She immediately ran to the nearby Hennepin County Medical Center and reported the rape.

After he was arrested, defendant told police that it was a case of mistaken identity, that he had been falsely arrested once before on a rape charge. At trial, however, he admitted that the victim accompanied him to his apartment and he claimed that he fought with her only when she tried to steal his money.

Defense counsel tried to persuade the trial court to excise that part of defendant's statement to the police relating to his having been mistakenly charged before with rape, but the trial court refused.

The basic issue is one that can arise in a number of contexts. In *State v. Czech*, 343 N.W.2d 854 (Minn.1984), the evidence was a secretly-made tape recording of statements that the defendant made before committing the charged offense, aggravated robbery of a marijuana dealer. The statements, made to undercover officers conducting an investigation into gun trafficking, tied defendant to the robbery. The identification of the robbers was in issue and therefore the evidence was relevant. We held that the trial court's refusal to "launder" the tape recording was consistent with Minn.R. Evid. 403.

In *State v. Fratzke*, 354 N.W.2d 402 (Minn.1984), the defendant, immediately after killing someone, told a companion, who witnessed the crime, not to worry about it because "[t]hey never caught me for the last one seven years ago." We ruled that the evidence was relevant because it showed the defendant's capacity to act intentionally. We did not decide the issue whether the potential of the evidence for unfair prejudice outweighed its probative value because it was clear that any error in admitting the evidence was harmless.

In *State v. Morgan*, 310 Minn. 88, 246 N.W.2d 165 (1976), the trial court, in the trial of the defendant for murder, admitted evidence that during the course of a subsequent kidnapping the defendant confessed to the murder. We ruled that the trial court properly allowed the prosecutor to show, in a limited way, the context in which the confession was made even though doing that meant that the jury would learn that the defendant had been involved in other criminal conduct.

■ In *State v. Hjerstrom*, 287 N.W.2d 625, 627 (Minn.1979), we stated that "[A]ssuming a proper objection, immaterial and irrelevant portions of an extrajudicial interrogation of a defendant should generally not be received in evidence." Under Rule 403, of course, even relevant parts of such an interrogation should be excluded if the potential of those parts for unfair prejudice outweighs their probative value.

More recently, in *State v. Stephenson*, 361 N.W.2d 844 (Minn.1985), we held that in a prosecution for making terroristic threats the trial court did not err in admitting evidence that one of the threats included reference by the defendant to his prior criminal record. The defendant's apparent purpose in referring to his record was to convince the victim of the seriousness of the threat. We stated:

> The issue at trial was whether defendant made terroristic threats. Defendant's statement that the assistant director [whom he threatened] could call the FBI if she wanted to check on his record and learn how dangerous he was was part of his threat to kill her. It reinforced what she already had learned from defendant in an earlier conversation, that he had served time in prison in Iowa, and increased the probability that she would believe and be frightened by his threats to kill her.
>
> The approach that the trial court must follow in such a situation is that of Minn. R.Evid. 403, that of balancing the probative value of the evidence and its potential for unfair prejudice. In applying Rule 403 in this context, the trial court must bear in mind that the purpose of admitting the evidence is "to complete a picture, not to paint another, and to provide context and meaning to the central events in issue." 2 D. Louisell & C. Mueller, Federal Evidence § 140 at 124 (1978). In this case, the evidence was not admitted for the improper purpose of showing that defendant acted in conformity with his bad character; that is, it was not admitted to cause the jury to conclude that defendant was a bad person and to infer from that that he was

guilty of the charged offenses. Rather, the evidence was admitted because it was important evidence bearing on the determination of whether defendant made terroristic threats. The trial court concluded that the probative value of the evidence outweighed the potential of the evidence for unfair prejudice. We hold that the trial court did not abuse its discretion in so concluding.

361 N.W.2d at 845 (footnote omitted).

■ The statement of defendant that he had been arrested for rape before and that it was a case of mistaken identification was relevant evidence in that it was defendant's way of trying to persuade the police that he was again the victim of a mistaken identification. The evidence did have a potential for causing unfair prejudice in that it indicated to the jury that defendant had been arrested for rape before. Arguably, the evidence of defendant's statement to the police would not have lost much of its probative impact if the reference to the prior arrest had been excised; the jury still would have learned that defendant denied having been to the bar and denied having had anything to do with the victim. On the other hand, the evidence rather clearly was not offered or admitted for the improper purpose of showing that defendant acted in conformity with his bad character but was admitted solely for the proper purpose of giving the jury the complete picture of how defendant tried to escape prosecution by lying to the police. Under the circumstances, we hold that the trial court did not abuse its discretion in admitting the evidence. *State v. Stephenson, supra.*

Affirmed.